**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| VICTOR WAKELY, JULIE WAKLEY, and DEVON WAKLEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO.: 1:18-CV-10-TLS ) ) |
| W. RANDALL KAMMEYER, KRISTA KAMMEYER MOTTER, STEVE BREMER, JP MORGAN CHASE, JAMIE DIMON, and JENNIFER L. DEGROOTE, | ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

On January 12, 2018, Plaintiffs Victor Wakley, Julie Wakley, and Devon Wakley, proceeding pro se, filed a Complaint [ECF No. 1] against Defendants W. Randall Kammeyer, Krista Kammeyer Motter, Steve Bremer, JP Morgan Chase, Jamie Dimon, and Jennifer L. DeGroote. The Plaintiffs allege that the Defendants have engaged in patterns and practices of committing fraud against the Plaintiffs, and conspired to violate their rights under various amendments to the Constitution. The Complaint states three causes of action: fraud (Count 1), conversion (Count 2), and a 42 U.S.C. § 1983 action based on a conspiracy to violate the 5th, 8th, and 14th Amendments of the Constitution (Count 3).

The Defendants responded in three groups. First, Defendant Jennifer L. DeGroote, a magistrate in the Allen Superior Court, filed a Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim [ECF No. 11]. The Plaintiffs responded [ECF No. 31] in opposition. Defendant DeGroote filed a timely reply [ECF No. 45]. Second, Defendants JP Morgan Chase

and Jamie Dimon filed a Motion to Dismiss [ECF No. 25]. On the same day, the third group, Defendants W. Randall Kammeyer, Krista Kammeyer Motter, and Steve Bremer, filed a substantially similar Motion to Dismiss [ECF No. 27]. The Plaintiffs filed substantially similar responses [ECF Nos. 48, 49] in opposition to both of these Motions to Dismiss. The Bank Defendants filed a timely reply. [ECF No. 50]. All the Defendants argue that, under Federal Rule of Civil Procedure 12(b)(1), the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction over the Plaintiff's Complaint because the requested relief would require the Court to disrupt a final judgment of the state court. For the reasons set forth below, the Motion to Dismiss is GRANTED and the case is DISMISSED for LACK OF JURISDICTION.

**BACKGROUND**

Defendant Steve Bremer appraised property for individuals seeking a mortgage from Plaintiff Victor Wakley's company. (*See* Pls.' Compl., 3–4, ECF No. 1). On August 21, 2000, Steve Bremer procured a Default Judgment Order[1] [ECF No. 26-2] against Victor Wakley, signed by Defendant DeGroot. On November 28, 2017, Defendant W. Randall Kammeyer filed a Verified Motion for Proceedings Supplemental, on behalf of Steve Bremer, against Victor Wakley and Chase Bank, seeking Summons and Interrogatories to Garnishee Defendant Depository Financial Institution. Defendant JP Morgan Chase answered the requested interrogatories, identifying four accounts in Victor Wakley's name, noting Julie Wakley and Devon Wakley as joint account holders. On December 12, 2017, Julie Wakley and Devon Wakley filed separate Exemption Claims and Requests for Hearing, as joint account holders.  On

---

[1] Because the Defendants are making a factual attack against jurisdiction, the Court may weigh evidence outside the pleadings. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

the same day, Magistrate Brian D. Cook set an exemption hearing for December 18, 2017. On December 19, 2017, noting that only the plaintiff had appeared by counsel, Magistrate Thomas P. Boyer denied the Exemption request. Later that day, Julie Wakley and Devon Wakley again filed separate, second Exemption Claims and Requests for Hearing [ECF No. 26-8], as joint account holders. On December 27, 2017, Defendant Magistrate Jennifer DeGroote denied Julie Wakley's Second Request for Exemption Hearing, as she "had provided no reasoning to the Court for good cause in filing a second request for exemption following her failure to appear." On January 2, 2018, Magistrate Cook entered a Banking Institution Garnishment Order for $8,026.05 against Victor Wakley and Chase Bank. [ECF No. 26-10].

## DISCUSSION

Under the *Rooker–Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (first citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); then citing *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008)). The doctrine "prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment," and applies "even though the state court judgment might be erroneous or even unconstitutional." *Gilbert*, 591 F.3d at 900 (citations and quotation marks omitted). The doctrine "bars federal claims in two instances. The first involves a plaintiff's request of a federal district court to overturn an adverse state court judgment. The second, and more difficult instance, involves federal claims that were not raised in state court or do not on their face require review of a state court's decision." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) (citing *Taylor*

3

*v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004)). In the second case, "*Rooker–Feldman* will act as a jurisdictional bar if those claims are 'inextricably intertwined' with a state court judgment." *Id.* (quoting *Taylor*, 374 F.3d at 533). Although the Seventh Circuit has described the inextricably intertwined inquiry as "a somewhat metaphysical concept," a district court must determine whether it "is in essence being called upon to review the state-court decision." *Taylor*, 374 F.3d at 533 (quotation marks omitted). "In order to determine the applicability of the *Rooker-Feldman* doctrine, the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996).

A.    **The *Rooker-Feldman* Doctrine Bars the Plaintiff's Conversion and Conspiracy Claims**

Because the removal of funds ordered by the state court is the only alleged injury in the Plaintiffs' conversion and conspiracy claims, those claims are barred by the *Rooker-Feldman* doctrine.[2] The Plaintiffs' substantive, factual allegations in support of their conversion and conspiracy claims are that the Defendants "neglected to 'serve' either Julie Wakley or Devon Wakley with the requisite 'Notice' and 'Opportunity' to be heard regarding the conversion of their funds," (Compl. at 10), and that "the Defendants have converted three accounts that were the exclusive ownership of Julie Wakley and Devon Wakley" (*id.* at 11). The state court ordered

---

[2] Victor Wakley never articulates how he has standing to raise conversion and conspiracy claims; only Julie and Devon Wakley allege an injury, namely that their properly-exempt funds were garnished in the Order against Victor Wakley. However, as the Court does not have jurisdiction over these claims, it need not address this concern.

Chase Bank to pay over to the clerk of the court an amount not exceeding the total amount owing, because "[n]either Defendant nor any other depositor claiming an interest in the aforesaid account(s) has claimed that any portion of the funds in said account(s) is exempt from garnishment." (Banking Institution Garnishment Order, ¶¶ 3, 5, ECF No. 28-10.) Thus, the only injuries alleged by the Plaintiffs in Counts 2 and 3 require review of the state court judgment. The Plaintiffs are asking this Court to overturn the state court's judgment, "an action [it] ha[s] no jurisdiction to take." *See Mains v. Citibank, N.A.*, 852 F.3d 669, 674–75 (7th Cir. 2017); *cf. Iqbal v. Patel*, 780 F.3d 728, 730–31 (7th Cir. 2015) (finding that "[t]he reason a litigant gives for contesting the state court's decision cannot endow a federal district court with authority . . .").

In their Complaint, the Plaintiffs additionally cite *Trustees of the Teamsters Union, Local No. 142 v. Brown*, No. 2:10 cv 249, 2012 U.S. Dist. LEXIS 15426 (N.D. Ind. Feb. 8, 2012), as support for their claims. While this case does support the contention that Julie and Devon Wakley may have had valid exemption claims, that contention is not the issue before this Court. This Court must determine whether "it is in essence being called upon to review the state-court decision," not how valid the Plaintiffs' claims were in the state court. *Taylor*, 374 F.3d at 533 (quotation marks omitted).

The Plaintiffs make two arguments that *Rooker-Feldman* should not apply. First, the Plaintiffs argue that the notice provided of the exemption hearing was inadequate. (*See* Mem. in Opp. to Mot. to Dismiss, 4, ECF No. 31.) However, when the Plaintiffs learned that the exemption hearing would take place does not alter the character of the Plaintiffs' injury. *See Crestview Vill. Apartments v. U.S. Dep't. of Housing and Urban Dev.*, 383 F.3d 552, 556 (7th Cir. 2004) (finding suit barred by *Rooker-Feldman* when the injury alleged was complete only

after the state court entered the order) (citing *Garry v. Geils*, 82 F.3d 1362, 1368 (7th Cir. 1996)). "Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then to the Supreme Court." *See Nationscredit Home Equity Servs. Corp. v. City of Chi.*, 135 F. Supp. 2d 905, 911 (N.D. Ill. 2001) (collecting cases) (citing *Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 702 (7th Cir.1998)); *see also Iqbal*, 780 F.3d at 729 ("The *Rooker-Feldman* doctrine is concerned not with *why* a state court's judgment might be mistaken . . . but with *which federal court* is authorized to intervene.") (emphasis in original); *Ritter v. Ross*, 922 F.2d 750, 755 (7th Cir. 1993) (holding that, when the state court judgment is an essential part of the federal claim, *Rooker-Feldman* applies, even if the federal plaintiff complains of notice issues). Because the Plaintiffs' injury is the state court judgment itself, the issues of the notice regarding that judgment do not give this Court jurisdiction.

Second, the Plaintiffs argue that, while the garnishment ordered payment from Victor Wakley's funds, the state court lacked jurisdiction over Julie or Devon Wakley, and that therefore those Plaintiffs had no redress. As part of its analysis under *Rooker-Feldman*, this Court must determine "whether the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings." *Taylor*, 374 F.3d at 533–34 (internal quotation marks omitted). In the context of *Rooker-Feldman*, claims are not barred if the state court imposed an insurmountable obstacle to adjudication or if a state law prevented the plaintiff from raising it in state court. *See Brokaw v. Weaver*, 305 F.3d 660, 667–68 (7th Cir. 2002) (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 556 (7th Cir. 1999)). Here, the state court determined it had jurisdiction over the relevant accounts, and the Plaintiffs had an opportunity to raise the issue

6

in state court—an opportunity of which they availed themselves by filing Exemption Claims and Requests for Hearing. (*See* ECF Nos. 28-5, 28-8.); *see also Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003) ("[A] state court is perfectly capable of answering questions of jurisdiction."). "The plaintiff has the obligation to establish jurisdiction by competent proof." *Sapperstein v. Hager*, 188 F.3d 852, 855–56 (7th Cir. 1999) (citing *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998)).

**B.   This Court Lacks Jurisdiction Over Plaintiff Victor Wakley's Fraud Claim**

As the *Rooker-Feldman* doctrine bars Plaintiffs' conversion and conspiracy claims, the only remaining claim is the Plaintiffs' claim of fraud.[3] However, this Court has no jurisdiction over the Plaintiffs' fraud claim. Federal courts are of limited jurisdiction and may adjudicate claims if (1) the Complaint alleges a violation of a federal statute or of the Plaintiff's constitutional rights, or (2) if the Complaint meets diversity requirements, which require that the Plaintiff and Defendant are citizens of different states and that the Plaintiff seeks damages in excess of $75,000. 28 U.S.C. §§ 1331, 1332. The Plaintiffs' fraud claim does not allege a violation of a federal statute nor of the Plaintiffs' constitutional rights, and the Plaintiffs' Complaint establishes that diversity does not exist. Therefore, this Court has no jurisdiction, and dismisses this claim.

---

[3] As with the claims of conversion and conspiracy, the Plaintiffs do not articulate how all three of them can raise the claim of fraud. However, as the Court has no jurisdiction over this claim, it will not address this issue.

## CONCLUSION

Because the Plaintiffs' conversion and conspiracy claims directly challenge the order of the state court, and are thus barred by *Rooker-Feldman*, and the Court has no jurisdiction over the remaining fraud claim, this Court has no jurisdiction and need not reach the parties' remaining arguments.

For the reasons set forth above, the Motions to Dismiss [ECF No. 11, 25, 27] are GRANTED and the case is DISMISSED for LACK OF JURISDICTION.

SO ORDERED on September 10, 2018.

       s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT